## Meyer License

*Anthony J. Giangiulio*, for appellant.
*Edward J. Ozorowski*, for Commonwealth.

HONEYMAN, J., October 20, 1960.—This is an appeal from an order of the secretary of revenue suspending the operator's licenses of Philip Meyer and David W. Kirby by reason of their convictions of violating section 1001 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS 1001, racing on the highway. A hearing having been held before this court, de novo, we make the following:

## Findings of Fact

1. Appellant, Philip Meyer, resides at 726 Black Rock Road, Gladwyne, Lower Merion Township, Montgomery County.

2. Appellant, David W. Kirby, resides at 628 Loves Lane, Wynnewood, Montgomery County.

3. On or about May 5, 1960, both appellants received notice from the Bureau of Highway Safety, Department of Revenue of the Commonwealth, suspending their operator's licenses for a period of one year on charges of violating section 1001 of The Vehicle Code in that they were engaged in a "race" or "speed contest" on the highway.

4. On June 1, 1959, at or about 11:10 p.m., both appellants were stopped by two police officers of Lower Merion Township as they were proceeding in an easterly direction on Lancaster Avenue in Lower Merion Township, Montgomery County.

5. The police officers were parked in a police car in a driveway, which is the entrance to the Temple Beth Hillel, and they were parked perpendicular to Lancaster Avenue when they first observed the vehicles operated by appellants. They were first observed at a distance of 50 yards from the police officers and were abreast of each other and proceeding at a speed of about 50 to 60 miles per hour.

6. Lancaster Avenue, at the point in question, is a four lane highway with two lanes west and two lanes east and the posted speed limit is 50 miles per hour.

7. The police officers pursued the two vehicles and put on the police car's flashing red light, stopping the two vehicles approximately one-half mile from the point at which the police car was parked.

8. Appellants' vehicles had proceeded down Lancaster Avenue at a speed of 50 to 60 miles per hour and one car pulled ahead of the other shortly before the police officers stopped the cars.

9. Appellants were acquainted with each other and Philip Meyer testified that as he came abreast of the car of David W. Kirby, they exchanged nods.

10. Each of appellants paid a fine and costs to the magistrate in lieu of a hearing on the charges.

### Discussion

Appellants cite to the court Mostowski's Appeal, 59 Lack. Jur. 17 (1958), and Commonwealth v. Leonard, 21 Beaver 110 (1959), in which the respective common pleas courts sustained appeals by license holders. Both cases are distinguishable in that neither contained any evidence to sustain a logical conclusion that the parties involved were racing. In Mostowski's Appeal, supra, the evidence disclosed that the vehicles followed each other at a constant interval and at no time were the cars abreast or any attempt made by the following vehicle to pass the lead vehicle. In Commonwealth v. Leonard, supra, appellant started out from a red light, kept in his own lane and proceeded at a speed of less than 25 miles per hour. On hearing, the arresting officer could remember no details of the case. Under such circumstances a charge of racing in violation of section 1001 of The Vehicle Code could not be sustained.

In the instant case appellant, Philip Meyer, testified that he was proceeding side by side with the other vehicle to get the attention of appellant, David W. Kirby, in order to have him stop and talk. If such was the case, it would not have been necessary to continue

driving abreast of him for the distance and at the speed described by the police officers. From the evidence, particularly the fact that appellants, acquaintances, had proceeded abreast of each other for a distance of approximately one-half mile at a high rate of acceleration until one passed the other, the conclusion is warranted that the parties were engaged in a race in violation of section 1001 of The Vehicle Code.

Appellant Meyer had only been a licensed operator for slightly more than 15 months before this incident. Less than five months before the date of this occurrence, he was convicted of speeding at 65 miles per hour in a 50 mile zone. Two days after the date of the alleged racing, he was arrested and convicted of proceeding illegally through a stop sign.

Appellant Kirby had been a licensed operator for approximately three years. Slightly more than one month before this occurrence, he was arrested and convicted of speeding at 45 miles per hour in a 25 mile per hour zone. Two months afterward, he was arrested and convicted of the offense of "too fast for conditions" and on September 10, 1959, he was arrested and convicted of failure to stop at a traffic signal.

Certainly these driving records lend further justification to the action of the secretary of revenue.

### Order

And now, to wit, October 20, 1960, for the foregoing reasons, it is ordered, adjudged and decreed that the appeals of Philip Meyer and David W. Kirby from the action of the secretary of revenue in suspending their motor vehicle operating privileges is dismissed and the action of the secretary of revenue in suspending such privileges for a period of one year is sustained. Costs of this proceeding are placed on appellants, Philip Meyer and David W. Kirby.